Tommy R. DORSEY, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 85018.

Supreme Court of Missouri,
En Banc.

Sept. 30, 2003.

Irene C. Karns, Office of State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea M. Follett, Shaun J. Mackelprang, John M. Morris, Asst. Atty's. Gen., Jefferson City, for Respondent.

RICHARD B. TEITELMAN, Judge.
### Background

Tommy Dorsey pled guilty to driving while intoxicated, section 577.010, RSMo 2000 [1], and driving while revoked, section 302.321. Driving while revoked is usually a class A misdemeanor. However, the last sentence of section 302.321.2 provides that driving while revoked is a class D felony on "a fourth or subsequent conviction for any other offense." Dorsey pled guilty to a class D felony for driving while revoked because the state used Dorsey's prior felony convictions for burglary, arson, assault, and receiving stolen property to enhance

---

1. All subsequent statutory citations are to RSMo 2000.

the offense. He was sentenced to concurrent terms of five years of imprisonment for each offense, with those terms to be served concurrently with a sentence for assault existing at the time of the plea.

Dorsey filed a motion for post-conviction relief under Rule 24.035. The motion court denied relief without an evidentiary hearing. Dorsey appeals, asserting two points of error. The judgment is affirmed.

### The Vagueness Challenge

■ Dorsey claims that the language in section 302.321 providing that driving while revoked is a class D felony on "a fourth or subsequent conviction for any other offense" applies only to prior revocations, suspensions or cancellations of a driver's license.[2] If the statute is interpreted literally as allowing enhancement for "any other offense," Dorsey argues that driving while revoked could be enhanced to a felony based upon offenses not related to driving, minor offenses, or uncounseled convictions. He maintains that this interpretation renders the statute void for vagueness because it does not provide sufficient guidance for when the enhancement provision should apply and, thus, allows for arbitrary application.

■ "Where the language of a statute is clear, courts must give effect to the language as written." *Kearney Special Road Dist. v. County of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993). Courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning. *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). The last sentence of section 302.321.2

states clearly that the offense of driving while revoked is a class D felony if the state proves four convictions "for any other offense." The state produced evidence that Dorsey had four prior felony convictions. Therefore, the trial court correctly applied section 302.321.2 and enhanced Dorsey's driving while revoked conviction to a class D felony.

■ The trial court's interpretation of the statute does not render it vague. When a statute is challenged as vague, "it is not necessary to determine if a situation could be imagined in which the language used might be vague or confusing." Rather, the language is to be evaluated by "applying it to the facts at hand." *State v. Young*, 695 S.W.2d 882, 883–84 (Mo. banc 1985); *State v. Mahan*, 971 S.W.2d 307, 312 (Mo. banc 1998). At the very least, the "any offense" language of section 302.321.2 includes prior felony convictions. Under the facts at hand, the state used four of Dorsey's prior felony convictions to enhance the offense. There was no arbitrary application rendering the statute void for vagueness.

### Ineffective Assistance of Counsel

Dorsey's next claim is that trial counsel was ineffective by leading him to believe that the plea agreement included credit for time served on an unrelated assault conviction while the instant case was pending. The motion court denied Dorsey's claim without an evidentiary hearing.

■ A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the mov-

**2.** The state argues that by pleading guilty, Dorsey waived his claim that section 302.321.2 is void for vagueness. A guilty plea does not waive a subsequent claim that the sentencing court had no jurisdiction to enter the conviction or impose the sentence. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). In this case, Dorsey argues that the sentencing court had no power to enhance his conviction for driving while revoked from a class A misdemeanor to a class D felony, because of a non-factual, non-procedural, jurisdictional defect. Dorsey therefore did not waive his challenge to the statute by pleading guilty.

ant pleads facts that if true would warrant relief; and, (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant. *Peiffer v. State*, 88 S.W.3d 439, 445 (Mo. banc 2002). The standard of review of the motion court's denial of relief is limited to a determination of whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k).

█ Following a guilty plea, the ineffectiveness inquiry is limited to whether counsel's actions impinged on the movant's ability to enter a knowing and voluntary plea. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely. *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo. App.1998).

Dorsey's claim is refuted by the record. Neither the record of the plea hearing nor the written plea agreement reflect a positive representation regarding jail time credit for the assault charge. Instead, the plea agreement states that the five year sentences for driving while intoxicated and driving while revoked are to run concurrently to "each other and existing sentences." The trial court repeatedly stated that he would be credited with time served "on this case." At the plea hearing, Dorsey stated that he understood the plea agreement and was satisfied with counsel's representation. The motion court did not clearly err in denying Dorsey's claim without an evidentiary hearing.

The judgment is affirmed.

All concur.