**James GUYNES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86515.**

Missouri Court of Appeals, Eastern District, Division Five.

May 16, 2006.

Timothy J. Forneris, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

James Guynes ("Guynes") appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing. We affirm.

Guynes was charged with two counts of criminal nonsupport, Section 569.040 RSMo 2000,[1] and unlawful use of a weapon, Section 571.030. At the plea hearing, Guynes pleaded guilty and indicated that he understood he had the right to a trial and the right to have a lawyer represent him throughout a trial, which he understood he was giving up when he pled guilty. Guynes admitted the facts set forth regarding criminal nonsupport and unlawful use of a weapon by the State and indicated to the court that no one had made any threats in order to get him to plead guilty and that he was pleading guilty of his own free-will. Guynes indicated that he was satisfied with the services of his attorney, that his attorney did everything Guynes wanted him to do and that he had sufficient time to talk with his attorney. Guynes responded affirmatively that his attorney investigated his case to his full satisfaction and that his attorney interviewed all the witnesses that Guynes knew of in the case.

The plea court accepted Guynes' pleas and suspended imposition of Guynes' sentence as to both criminal nonsupport and unlawful use of a weapon, placing Guynes on five years of supervised probation. Subsequently, upon violating his probation, Guynes was sentenced to two consecutive four year terms of imprisonment for his two convictions. The court then suspended execution of Guynes' sentence ordering that Guynes be placed on a new term of five years supervised probation. When Guynes later violated his probation again, the court ordered the execution of its previous sentence of two consecutive four year terms of imprisonment for his two convictions.

Guynes filed a motion for post-conviction relief under Rule 24.035 and requested an evidentiary hearing. The motion court entered its findings of facts and conclusions of law denying Guynes' claims without an evidentiary hearing. This appeal follows.

In his first point, Guynes asserted that plea counsel was ineffective for failing to investigate potential witnesses. We disagree.

■ We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.*

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Simmons v. State,* 100 S.W.3d 143, 145 (Mo.App. E.D.2003). No hearing will be held if the record of the case conclusively shows that the movant is entitled to no relief. Rule 24.035(h). If the guilty plea proceedings directly refute that the movant's plea was involuntary, then he is not entitled to an evidentiary hearing. *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App. E.D.1993).[2] To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be "specific enough to refute conclusively the movant's allegation." *State v. Driver,* 912 S.W.2d 52, 56 (Mo. banc 1995).

The motion court found that Guynes' claim regarding plea counsel's alleged failure to investigate and call several witness without merit because Guynes stated in making his plea that he did not have additional witnesses that he asked his attorney to investigate. The court also found that Guynes' statements at the plea hearing refuted his allegations that counsel was ineffective. The court concluded that the record showed that Guynes' plea was voluntarily and knowingly made with an understanding of the consequences and denied the motion without a hearing.

Guynes' responses during his guilty plea refute his claim that his attorney was inef-

fective for failing to investigate a number of witnesses. During his plea, Guynes replied in the affirmative that he was fully satisfied with the advice of his attorney and that he had no complaints about his attorney's handling of the case. Further, Guynes replied in the affirmative that his attorney did everything that Guynes requested him to do and that his attorney did not refuse to do anything that Guynes thought he should have done. In addition, Guynes responded affirmatively that his attorney investigated his case to his full satisfaction and that his attorney interviewed all the witnesses that Guynes knew of in the case. The motion court's findings of fact and conclusions of law are not clearly erroneous. Point denied.

In addition, Guynes claimed in his second point that plea counsel was ineffective in that he had an actual conflict of interest because plea counsel feared taking Guynes' case to trial. Guynes contended that counsel pressured him to plead guilty because plea counsel was afraid of trial and that he would not have pled guilty if counsel had not coerced him to do so. Guynes' statements at his plea hearing gain even more validity in light of later events. At Guynes' probation revocation hearing, Guynes admitted that he had lied to the court at his earlier plea hearing regarding his time spent with counsel. Even at this late date, Guynes affirmed that his attorney did not communicate any threats or promises to him in order to induce his guilty plea. The record conclusively refutes the assertion that counsel's supposed inaction coerced Guynes into pleading guilty against his will, and the motion court so found.

2. On appeal, this court must evaluate whether the motion court clearly erred in finding Guynes' guilty plea was voluntary. We note that the Circuit Court of St. Francois County chose to accept four guilty pleas with four defendants simultaneously. This procedure is far from ideal and should be discontinued. Nevertheless, Guynes' guilty plea proceedings directly refute any assertion that Guynes' plea was involuntary.

Guynes cites *Shackleford v. State,* 51 S.W.3d 125, 128–129 (Mo.App. W.D.2001), for the proposition his guilty plea colloquy answers are not specific enough to conclusively refute his allegation. His reliance on *Shackleford* is misplaced. In *Shackleford,* when the movant claimed that his attorney made an erroneous promise regarding his parole eligibility, the court found that "[a]t no point did the issue of parole arise during the plea proceedings" and that a "routine" inquiry into promises made by counsel is too "general" to encompass all possible statements by counsel to his client before plea. *Id.* at 128. The circumstances here are quite different.

At Guynes' probation revocation hearing, the court challenged Guynes on the truthfulness of his statements at his earlier plea hearing. Guynes specifically responded that at the earlier plea hearing he had answered certain questions in a way that counsel had instructed him. Even at his probation revocation hearing, when asked again about threats or pressure at his earlier plea hearing, Guynes replied in the negative. The specificity of the questions posed to Guynes transformed the plea hearing into anything but a routine inquiry and underscores the veracity of Guynes' statements during his plea hearing that there were no undue threats or pressure on him to plead guilty. The motion court's findings of facts and conclusions of law are not clearly erroneous.

■ Guynes also argues that his plea counsel had a conflict of interest in that he was afraid to take Guynes' case to trial. This is a specious argument, and we disagree with it.

Guynes conflates conflict of interest and coercion. Claims of conflict of interest generally arise in the context of plea counsel coercing a defendant into pleading guilty because counsel is not prepared for trial, *See Yates v. State,* 158 S.W.3d 798,

803 (Mo.App. E.D.2005), or plea counsel coercing a defendant into pleading guilty because counsel knows that defendant will not be able to pay for trial. *See Lomax v. State,* 163 S.W.3d 561 (Mo.App. E.D.2005); *Price v. State,* 171 S.W.3d 154 (Mo.App. E.D.2005).

Guynes' circumstances are distinguishable from the above situations. Guynes does not allege that counsel's conflict of interest arose from lack of preparation or a financial interest on the part of counsel, but from an amorphous, unspecified fear of trial. A mysterious fear of trial does not constitute a conflict of interest. Guynes has framed his coercion argument as one of conflict of interest in order to circumvent proving prejudice. In *Lomax,* we stated "[i]f the movant proves that counsel had an actual conflict of interest affecting counsel's performance, then prejudice is presumed." 163 S.W.3d at 564. *See also Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In line with other jurisdictions, we will not allow an appellant to create an end-run around the *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) requirement that "the defendant must show that the deficient performance prejudiced the defense." *See U.S. v. Bruce,* 89 F.3d 886, 893 (D.C.Cir.1996) (rejecting "the defendants' attempts to force their ineffective assistance claims into the 'actual conflict of interest' framework' efforts and thereby supplant the strict *Strickland* standard with the far more lenient *Cuyler* test.")

In addition, Guynes' claim of coercion is refuted by his statements during his guilty plea and probation revocation hearing. At his plea hearing, Guynes testified that no threats or pressure of any kind had been exerted against him to cause him to plead guilty. Moreover, at his probation revocation hearing Guynes stated that his attor-

ney did not communicate any threats or promises to induce him to plead guilty. At that time, Guynes had already informed the court that he had lied at his earlier plea hearing regarding his time spent with his attorney. Guynes assured the court that he had been satisfied with the quality of his attorney's services and had voluntarily submitted his earlier plea. The motion court's findings of facts and conclusions of law are not clearly erroneous. Point denied.

The judgment is affirmed.

GLENN A. NORTON, C.J., and ROBERT G. DOWD, JR., J., Concur.