

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **JASON A. KAESSER,** | ) |
| | ) |
| **Appellant,** | )    **WD83216** |
| | ) |
| **v.** | )    **OPINION FILED:** August 25, 2020 |
| | ) |
| **STATE OF MISSOURI,** | ) |
| | ) |
| **Respondent.** | ) |

**Appeal from the Circuit Court of Henry County, Missouri**
The Honorable James K. Journey, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge and
Thomas N. Chapman, Judge

Jason A. Kaesser ("Kaesser") appeals the judgment of the Circuit Court of Henry County, Missouri ("motion court"), denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing.  Kaesser pleaded guilty to one count of assault of a corrections officer in the second degree, Section 565.082[2]  Kaesser contends that the

---

[1] All rule references are to Missouri Supreme Court Rules (2019).
[2] Section 565.082 of the Missouri Revised Statutes has been repealed but was in effect on July 13, 2011, the date of the alleged incident giving rise to the charge.  A similar version of the statute was in effect on October 18, 2012, the date of Kaesser's guilty plea and sentencing.

motion court erred in denying his motion without an evidentiary hearing because his motion alleges facts which, if true, showed that his guilty plea was involuntary. We affirm.

## Factual and Procedural Background

On July 13, 2011 Kaesser was incarcerated in the Henry County jail on unrelated charges arising out of Jasper County. Kaesser repeatedly pressed the emergency button in the cellblock. Officer Travis Heard ("Officer Heard") and two other officers entered Kaesser's cell. While Officer Heard was attempting to handcuff Kaesser, he resisted, called Officer Heard some obscene names, and several times attempted to strike Officer Heard with his forehead, commonly referred to as a "head-butt." The three officers were witnesses to these events.

On October 18, 2012, Kaesser entered an *Alford*[3] plea to one count of assaulting a corrections officer in the second degree. Kaesser did not admit guilt and acknowledged at his plea hearing that his plea counsel advised him that counsel did not believe there was sufficient evidence for Kaesser to be found guilty if he were to go to trial. Plea counsel recommended that Kaesser seek a bench trial if he went to trial because of his criminal record. At the plea hearing Kaesser testified he would have liked to have gone to trial on the charge, but did not want to take the risk of being found guilty due to the disparity between his potential sentence if he were found guilty and that being offered in the plea agreement.

---

[3]*North Carolina v. Alford*, 400 U.S. 25 (1970).

2

As part of his plea, the State agreed to recommend a sentence of six years imprisonment, consecutive to the sentence Kaesser was already serving, but that the sentence on this matter would be suspended, and Kaesser would be placed on a five-year term of probation. If Kaesser had not pleaded guilty but was found guilty following a trial, he could have received a sentence of up to fifteen years, consecutive to the sentence he was already serving, due to his criminal history.[4] Kaesser's original counsel (who had been appointed prior to Kaesser retaining plea counsel) advised him that a six-year sentence "running wild"[5] was the best plea offer that Kaesser would receive. Kaesser thought that accepting the plea offer was the best decision for his family, despite his plea counsel's advice and recommendation.

On March 19, 2015, Kaesser's probation was revoked, and his six-year sentence was executed. Kaesser filed a *pro-se* motion for post-conviction relief on May 14, 2015. Appointed counsel filed an amended motion on December 16, 2015. In his amended motion, Kaesser claims that his guilty plea was "not entered knowingly, intelligently, and voluntarily, because it was induced by fear that if he took his case to trial, he would be convicted and sentenced to a much longer term of years that the state was offering in exchange for is [*Alford*] plea." Kaesser alleged that he would not have pleaded guilty if he had not been "intimidated" by the advice his prior public defender gave him (about six-years being the best offer he would receive) before he retained his private plea counsel.

---

[4] At the time of the plea hearing, Kaesser was also participating in a long-term treatment program for substance abuse, and was due to be released within a year if he was successful in completing the program. Had Kaesser been found guilty and received a longer sentence, it would have affected the release date of his current sentence. (L.F. Doc. 11, p. 16).

[5] A phrase indicating a prison sentence that is consecutive to another sentence.

On August 13, 2019, the motion court issued findings of fact and conclusions of law denying Kaesser's motion for postconviction relief without holding an evidentiary hearing. Kaesser appeals.

**Standard of Review**

This court's review of the denial of a Rule 24.035 motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Garris v. State*, 389 S.W.3d 648, 650 (Mo. banc 2012) (*quoting Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011)). We presume the motion court's rulings are correct unless we are "left with the definite and firm impression that a mistake has been made." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016). "The appellant has the burden of proving error by a preponderance of the evidence." *Westergaard v. State*, 436 S.W.3d 593, 597 (Mo. App. E.D. 2014).

**Discussion**

In a single point on appeal, Kaesser argues the motion court clearly erred in overruling his 24.035 motion without an evidentiary hearing. Specifically, Kaesser claims that he pleaded facts, not conclusively refuted by the record, showing that his first (appointed) counsel was constitutionally ineffective in telling Kaesser that a six-year sentence, "running wild," was the best plea offer that he would receive, and that this, combined with his fear of a much longer sentence if he went to trial, coerced Kaesser into pleading guilty unknowingly and involuntarily.

When a criminal defendant pleads guilty, a "claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and

4

knowledge with which the guilty plea was made." *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009) (internal quotations omitted). To establish ineffective assistance of counsel, a movant must show that: (1) his plea counsel's performance failed to conform to the degree of skill, care, an diligence of a reasonably competent attorney under similar circumstances; and (2) the movant was prejudiced by that failure. *Id.*; *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant alleging ineffective assistance of counsel after a guilty plea has the burden of showing that a "serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Meadors v. State*, 571 S.W.3d 207, 211 (Mo. App. E.D. 2019). "A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Roberts*, 276 S.W.3d at 836 (internal quotation omitted). To establish prejudice, the movant "must show that but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial." *Bastain v. State*, 560 S.W.3d 894, 896-97 (Mo. App. E.D. 2018).

An evidentiary hearing is not warranted for every 24.035 motion, especially where the motion and files of the case conclusively show that the movant is not entitled to relief. *Ban v. State*, 554 S.W.3d 541, 544 (Mo. App. E.D. 2018); Rule 24.035(h). In order to be entitled to an evidentiary hearing, the movant must: (1) allege facts, not conclusions, warranting relief; (2) allege facts that are not refuted by the files and records of the case; and (3) have suffered prejudice resulting from the alleged facts. *Roberts*, 276 S.W.3d at 835.

5

In this case, Kaesser's claims that he was improperly coerced by his first counsel into pleading guilty are conclusively refuted by the record. The only allegation Kaesser makes as to any representation his first counsel made to him is that counsel told him that a six-year sentence, "running wild," was the best plea offer that Kaesser would receive. Kaesser has not shown that this representation was untrue. He did, in fact, receive a six-year sentence for the charge of assaulting a corrections officer following his guilty plea. "An attorney is not coercing his or her client by fully advising the client of the range of punishments available to the court and offering legal advice to the client based on the attorney's experiences." *State v. Knox,* 553 S.W.3d 386, 396 (Mo. App. W.D. 2018). Appointed counsel's advice was not mistaken or false, and counsel's communication of the possible sentence does not constitute coercion even if the defendant may find that potential outcome frightening. *Robertson v. State,* 502 S.W.3d 32, 36 (Mo. App. W.D. 2016).

Kaesser does allege that he accepted the guilty plea because he was afraid he would receive a much longer sentence if he went to trial and was found guilty, but he does not allege that either his first counsel or his second (retained) plea counsel did anything improper to cause unreasonable fear. On the contrary, Kaesser's retained plea counsel advised Kaesser that he did not believe the State had sufficient evidence to secure a conviction if Kaesser went to trial. That Kaesser did risk the possibility of receiving a fifteen-year sentence if he were to have been found guilty was due to Kaesser's own criminal history which rendered him a persistent offender. The State's offer of six years, with suspended execution in favor of probation, probably reflected the State's perceived weakness of the evidence against him.

Kaesser's brief also alleges that he did not believe his plea counsel was ready for trial, because "Kaesser had not seen all the reports in the case and neither attorney had interviewed or investigated all of the correctional officers involved in the incident." Although this allegation is not part of Kaesser's point on appeal, this allegation is also conclusively refuted by the record. At Kaesser's *Alford* plea hearing, the following testimony was presented.

> Plea Counsel: Mr. Kaesser, I've been your attorney for approximately two months. Is that a fair statement?
>
> Kaesser: Yes, your Honor—sir.
>
> Counsel: And during that period of time, I've had an opportunity not only to provide you with the copy of the reports, but for you and I to discuss at length on many different occasions over the telephone regarding the facts of the case; is that correct?
>
> Kaesser: Definitely.
>
> Counsel: And you have indicated to me that you did not in any way, shape, or form attempt to or intend to cause any injury to any of the jailers at the Henry County Sherriff's Department; is that correct?
>
> Kaesser: That's correct.
>
> Counsel: And you and I have went over both of the statutes, one is 565.083, which requires that you knowingly cause or attempt to cause physical contact with a corrections officer—
>
> Kaesser: Uh-huh.
>
> Counsel: --and in order for you to be found guilty of a misdemeanor. Correct?
>
> Kaesser: Yes.

7

Counsel: An that's a Class A misdemeanor. And then there's also—you've been charged with the Class C felony for which you're charge[d]; is that correct?

Kaesser: Yes.

Counsel: You've had an opportunity to view all of the reports that I mailed you shortly after I received them and go over those with me; is that true?

Kaesser: Yes.

Counsel: And you understand that Officer Heard indicates that he felt that you were acting in an aggressive manner before he could completely cuff you while you were inside your cell; is that correct?

Kaesser: Yes.

Counsel: With respect to the other two officers, Officer Thomas, he indicates the same thing, and Officer—or Jailer Nikie Thenner (phonetic spelling) indicates that you made a swift [gesture] as if you were trying to pull away from Officer Heard.

Kaesser: Yes.

Counsel: Do you understand that it's the State's burden to prove beyond a reasonable doubt all of the elements, and that is that you attempted to cause physical injury, not just contact, but injury, in order for you to be found guilty of the Class C felony as you're charged?

Kaesser: Yes.

Counsel: Do you understand that I've advised you that I do not believe, at least in my opinion, that there were sufficient facts or evidence for you to be found guilty if we were to have a trial by judge or have a trial by jury?

Kaesser: Several times.

Kaesser's own plea hearing testimony refutes his claims. He acknowledged having received the reports, having discussed them with his counsel, having knowledge as to what the evidence against him would be, and having been advised by his counsel that counsel

8

did not believe the State had sufficient evidence to prove the case against him. Clearly, Kaesser does not allege any facts, other than the plea offer itself, that would have induced him into pleading guilty. Indeed, Kaesser did not challenge the voluntariness of his plea until he violated the terms of his probation, his probation was thereby revoked, and his sentence was executed. His claim that his plea was involuntary after he received the benefit of the plea agreement (the probation) is not well taken.

## Conclusion

Because Kaesser does not show that the motion court clearly erred in denying his Rule 24.053 motion for post-conviction relief without an evidentiary hearing, the judgment of the motion court is affirmed.

_____
Gary D. Witt, Judge

All concur

9