

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| RALPH JONES, | ) | No. ED111279 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1722-CC10780 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Clark II |
| | ) | |
| Respondent. | ) | Filed: November 21, 2023 |

**Introduction**

Ralph Jones appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[1] In his first point on appeal, Jones argues the motion court erred in denying his amended motion because trial counsel was ineffective for failing to offer a lesser included offense instruction. In his second and third points, Jones asserts the motion court erred in denying his amended motion because trial counsel was ineffective for failing to fully investigate his defense theory. We affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Supreme Court Rules (2022), unless otherwise indicated.

**Factual and Procedural Background**

Following a jury trial, Jones was convicted of assault in the second degree by means of a motor vehicle and of leaving the scene of an accident. The evidence at trial was as follows.

In February 2014, a bail bondsman contacted T.J., a long-time friend of Jones, and asked for her help in locating Jones. The bondsman offered T.J. $80 up front and $1000 upon Jones's arrest. T.J. agreed to text the bondsman if she saw Jones.

On February 12, 2014, T.J. contacted the bondsman to let him know that Jones was currently en route to her home. When Jones arrived at T.J.'s home, T.J. agreed to go with Jones to a local QuikTrip. The bondsman arrived at the house as Jones and T.J. were pulling away. P.M. and another person accompanied the bondsman in his car. The bondsman testified that Jones "zoomed" directly towards him, swerved into his lane, and struck the front right of his vehicle, pushing it backwards into a pole. Jones then pulled onto the sidewalk, went around the bondsman's vehicle, and drove away. The bondsman followed Jones for about 20 minutes, during which time he witnessed T.J. open the passenger door of Jones's car and roll out of the vehicle while it was slowing down to turn onto the highway. Jones eventually crashed into a tree and was apprehended by police.

Jones was charged with assault in the second degree by means of a motor vehicle and leaving the scene of an accident. Following a jury trial, Jones was found guilty on both charges. The circuit court sentenced Jones as a persistent offender to fifteen years for assault and five years for leaving the scene of an accident. On direct appeal, this Court affirmed Jones's convictions and sentences in *State v. Jones*, 519 S.W.3d 818 (Mo. App. E.D. 2017).

On July 13, 2017, Jones timely filed his *pro se* Motion to Vacate, Set Aside or Correct Judgment or Sentence under Rule 29.15. Postconviction counsel entered his appearance on

August 8, 2017. On October 11, 2017, postconviction counsel filed a request for an extension of time to file his amended motion, seeking an additional 30 days. On November 2, 2017, the motion court granted that request. On November 6, 2017, postconviction counsel filed an amended motion raising three claims of ineffective assistance of trial counsel.

The motion court held an evidentiary hearing on August 7, 2020, at which trial counsel, T.J., and one other witness testified. On February 10, 2021, the motion court issued its findings of fact and conclusions of law denying Jones's amended motion. Jones appealed the decision of the motion court. This Court determined that the Rule 29.15 motion was untimely and remanded the case for an abandonment inquiry in *Jones v. State*, 643 S.W.3d 918 (Mo. App. E.D. 2022). The motion court held an abandonment inquiry on November 10, 2022. The motion court determined that post-conviction counsel abandoned Jones and accepted the untimely amended Rule 29.15 motion. Jones appeals.

**Standard of Review**

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019); Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015). The motion court's findings are presumed correct. *McLaughlin v. State,* 378 S.W.3d 328, 336–37 (Mo. banc 2012). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). Even if the stated reason for a

3

circuit court's ruling is incorrect, the judgment should be affirmed if the judgment is sustainable on other grounds. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013)

**Discussion**

To succeed on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence facts, not mere conclusions, demonstrating: (1) counsel failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McLaughlin*, 378 S.W.3d at 337. If a movant fails to satisfy either element of the test, they are not entitled to relief. *Creighton v. State*, 520 S.W.3d 416, 422 (Mo. banc 2017).

"A movant must overcome the strong presumption that trial counsel's conduct was reasonable and effective." *Hosier v. State,* 593 S.W.3d 75, 81 (Mo. banc 2019) (*citing Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016) (internal quotations omitted)). "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). "Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Id*. "It is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Id.*

"Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier*, 593 S.W.3d at 81 (*quoting Davis*, 486 S.W.3d at 906).

4

In his first point on appeal, Jones argues the motion court erred in denying his Rule 29.15 amended motion because trial counsel was ineffective for failing to offer a lesser included offense of third-degree assault with the mens rea requirement of "reckless" on the charge of second-degree assault in Count I. Specifically, Jones maintains that trial counsel should have offered an instruction for third-degree assault based on recklessly engaging in conduct which creates a grave risk of death or serious physical injury to another person, rather than the third-degree assault instruction that was given to the jury based on attempting to cause physical injury to another.

"The failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and one lesser-included offense are given and the defendant is found guilty of the greater offense." *State v. Johnson*, 284 S.W.3d 561, 575 (Mo. banc 2009); *State v. Glass*, 136 S.W.3d 496, 515 (Mo. banc 2004); *see also Briggs v. State*, 446 S.W.3d 714, 720–21 (Mo. App. W.D. 2014) (finding conviction of greater offense where lesser included offense was also given presents no reasonable probability that the outcome of trial would have been different had trial counsel offered a different lesser included, thus failing to show prejudice for ineffective assistance of counsel).

Here, both the instruction given to the jury and the instruction Jones now argues should have been used instead, fall within the scope of the meaning of third-degree assault as defined in Section 565.070. [2] Third-degree assault under Section 565.070 is a lesser included offense of second-degree assault under 565.060, with which Jones was charged. *See State v. Randle*, 465 S.W.3d 477 (Mo. 2015); Sections 565.060, 565.070. Section 565.070 provides in pertinent part,

---

[2] All statutory references are to the Missouri Revised Statutes (2014), unless otherwise indicated.

A person commits the crime of assault in the third degree if: (1) The person attempts to cause … physical injury to another person; or … (4) The person recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person.

At the instruction conference, trial counsel argued for and received the instruction for third-degree assault as a lesser included offense on Count I of second-degree assault. Trial counsel argued that Jones should be found not guilty and did not argue that the jury should find him guilty of the lesser offense. Nevertheless, the jury returned a guilty verdict for the greater offense of second-degree assault on Count I. Therefore, because the jury had the option of convicting Jones of third-degree assault rather than second-degree assault, and still returned a verdict for the greater offense, Jones has failed to prove that he was prejudiced by trial counsel's conduct. *Johnson*, 284 S.W.3d at 575.

Thus, the motion court did not err. Point I denied.

### *Point II: Failure to Investigate Jones's Defense Theory*

In his second point, Jones asserts that the motion court erred in denying his amended motion because trial counsel was ineffective for failing to investigate his defense that the bondsman, not Jones, was responsible for causing the crash. Specifically, Jones alleges that trial counsel unreasonably failed to contact T.J. about what she witnessed on the day of the crime. Jones asserts that he was prejudiced by trial counsel's conduct because T.J.'s testimony would have supported his defense that he was not at fault in causing the crash, and, had T.J. testified, there was a reasonable probability he would not have been convicted.

In every criminal case,

[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

6

*Strickland,* 466 U.S. at 691; *Barton v. State*, 432 S.W.3d 741, 759 (Mo. banc 2014). "To succeed on a claim of ineffective assistance of counsel for failure to investigate a witness, Jones was required to show: '(1) that counsel's failure to investigate was unreasonable and (2) that [he] was prejudiced as a result of counsel's unreasonable failure to investigate.'" *Jones v. State*, 541 S.W.3d 694, 699 (Mo. App. W.D. 2018) (quoting *Barton*, 432 S.W.3d at 759).[3] "Only rarely does a court find that failure to interview witnesses is sufficient to justify the finding of ineffective assistance of counsel." *Id.* (quoting *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987)).

"Ordinarily the choice of witnesses is a matter of trial strategy and will support no claim of ineffective assistance of counsel." *Barton*, 432 S.W.3d at 750 (quoting *State v. Harris*, 870 S.W.2d 798, 816 (Mo. banc 1994)). "This is because 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Id.* at 750-51.

At the evidentiary hearing, trial counsel testified that Jones never discussed a defense theory with her where he wasn't at fault for causing the crash. She testified that such a defense theory would have been "preposterous" and unconvincing to a jury, given that Jones fled from the scene of the accident and from the police, breaking multiple traffic laws in the process. Missouri courts have consistently found that "[i]t is not ineffective assistance of counsel to

---

[3] We note that, while Jones argues the standard for failure to *call* a witness at trial, which requires the movant to show that: (1) counsel knew or should have known of the existence of the witness, (2) the witness could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense, *Shockley*, 579 S.W.3d at 906, this argument is not preserved as he did not assert it in his amended Rule 29.15 motion. Instead, Jones only included a claim for ineffective assistance of counsel for a failure to *investigate* his defense that he did not cause the crash, which included investigating T.J. as a potential eye-witness.

pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Anderson*, 196 S.W.3d at 33.

Additionally, trial counsel testified that, while she remembered Jones asking her to investigate T.J., she was unsuccessful in contacting T.J. because T.J. wanted nothing to do with the case. Trial counsel explained that she gave Jones her cell phone number to pass on to any potential witnesses, but that she was never contacted by T.J. Trial counsel further explained that she did not think T.J. witnessed anything of importance based on Jones's story, which changed frequently during the course of her representation. Trial counsel testified that she generally makes strategic witness decisions for trial based on how credible, beneficial, or cooperative she believes a person to be. Trial counsel testified that she did not subpoena T.J. because she believed T.J. to be uncooperative and unwilling to testify, as well as not particularly beneficial to the defense. Generally, trial counsel cannot be found ineffective for failing to call an uncooperative witness. *Anderson v. State*, 564 S.W.3d 592, 611 (Mo. banc 2018) (citing *Leisure v. State*, 828 S.W.2d 872, 878 (Mo. banc 1992)).

Furthermore, T.J. testified at the evidentiary hearing that she knew Jones had tried to contact her during the pendency of his case, but that she moved during that time and did not attempt to contact Jones. T.J. testified that she was "fearful because of what [she] had done" in aiding the bondsman, and that she didn't want Jones to know about her involvement. She testified that she willingly agreed to help the bondsman locate Jones in exchange for money, and that, on the morning of the crime, she called the bondsman to give him Jones's location. While T.J. testified that she would have been willing to testify at trial and that she would have said that Jones tried to avoid the collision, the motion court is free to believe or disbelieve the testimony of any witness. *Couch v. State*, 611 S.W.3d 605, 614 (Mo. App. E.D. 2020).

8

Thus, because there was evidence that trial counsel made reasonable efforts to contact T.J., and that trial counsel chose not to further investigate T.J. as a matter of trial strategy due to her being uncooperative, Jones has failed to meet his burden showing that trial counsel acted unreasonably. *Anderson*, 564 S.W.3d at 611. Therefore, the motion court did not err. Point II denied.

### Point III: Failure to Investigate P.M. as a Witness

In his final point on appeal, Jones again argues that trial counsel was ineffective for failing to investigate his defense theory that he did not cause the crash. Specifically, Jones claims that trial counsel unreasonably failed to investigate P.M., who was a passenger in the bondsman's car at the time of the crash, and that such a failure prejudiced Jones because P.M.'s testimony would have corroborated his defense that he was not at fault for causing the crash.

To receive post-conviction relief under Rule 29.15, a movant must offer sufficient allegations to allow the motion court to meaningfully apply the *Strickland* standard and decide whether the pleaded claim warrants the relief requested. *Wilkes v. State*, 82 S.W.3d 925, 929 (Mo. banc 2002). Any issue, claim, or allegation not raised in a Rule 29.15 motion is thereafter waived. *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011); *Barnett v. State*, 103 S.W.3d 765, 773 (Mo. banc 2003). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Johnson v. State*, 388 S.W.3d 159, 167 (Mo. banc 2012) (quoting *Johnson*, 333 S.W.3d at 471). Indeed, the purpose of an evidentiary hearing—and for that matter, an appeal—is not to provide the movant with an opportunity to produce new facts not alleged in the Rule 29.15 motion. See *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997). When an ineffective assistance of counsel claim is based on an alleged failure to investigate a witness, the movant must allege (1) what specific information counsel failed to

discover; (2) that reasonable investigation would have disclosed that information; and (3) that the information would have improved the movant's position. *Cusumano v. State*, 495 S.W.3d 231, 236 (Mo. App. E.D. 2016)

Here, Jones failed to comply with the standards set forth in Rule 29.15 by not including any specific allegations in his amended motion relating to how P.M. might have aided in his defense or what facts P.M. would have testified to during the evidentiary hearing to support such a defense. In fact, Jones did not even state that P.M. would be willing and available to testify to any facts. Jones merely stated that he asked counsel to talk to the other people who were present at the time of the crash, including P.M., to "find out the truth." Such bare assertions are not sufficient to properly raise a claim under Rule 29.15, and therefore the claim is waived. *Johnson*, 333 S.W.3d at 471. Thus, the motion court did not clearly err in denying the motion. Point III denied.

## Conclusion

For the reasons set forth above, the judgment of the motion court is affirmed.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

10