David Lloyd LOWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00761–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1999.

David Lloyd Lowe, Houston, for appellants.

Calvin A. Hartmann, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

**O P I N I O N**

PER CURIAM.

Appellant was indicted on February 2, 1999, for the offense of escape.  This is an attempted appeal from a judgment signed April 7, 1999, which declared appellant incompetent to stand trial, but found that there is a substantial probability that appellant would attain competency within the foreseeable future, and transferred appellant to the Vernon State Hospital for a period not exceeding eighteen months.  *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 5(a) (Vernon Supp.1999).

 When the accused raises the issue of competency, a finding of competency is a necessary prerequisite to a criminal trial.  Consequently, a preliminary hearing to determine competency is ancillary to the main criminal proceeding, and a judgment resulting from a competency hearing is not a final judgment.  *See Morales v. State,* 830 S.W.2d 139, 140 (Tex.Crim.App.1992).

**538**

■ In addition, Texas law treats competency hearings as civil in nature, even though they necessarily involve individuals charged with criminal offenses. *See Parker v. State,* 667 S.W.2d 185, 187 (Tex. App.—Texarkana 1983, writ ref'd); *Ex Parte Watson,* 606 S.W.2d 902, 905 (Tex. Crim.App.1980). The Court of Criminal Appeals has held that a hearing on competency to stand trial is not a criminal action because no determination is made on guilt or innocence. *See Jackson v. State,* 548 S.W.2d 685, 690 (Tex.Crim.App.1977).

■ Under Texas civil procedure, appeals are allowed only from final orders or judgments. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding). There is no statute authorizing an interlocutory appeal from a judgment in a pretrial competency hearing. Accordingly, judgment from a pretrial competency hearing is not reviewable by appeal until after a full trial on the merits. *See Jackson,* 548 S.W.2d at 690.

On July 15, 1999, notification was transmitted to the parties of the Court's intent to dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a). Appellant filed no response.

Therefore, the appeal is ordered dismissed.