NUMBERS 13-01-528-CR,
13-01-529-CR, & 13-01-530-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

JOE PILAR CALDERA, JR.,                                                    Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 377th District Court

                                  of Victoria
County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion by Justice Castillo

 

Joe Pilar Caldera attempts to appeal a pretrial judgment of
competency in three criminal cases.  We
dismiss for want of jurisdiction.

 








The record in the case
reveals that, on July 12, 2001, a jury found appellant competent to stand trial
in the three cases before us.  On August
1, 2001, appellant filed a notice of appeal of that verdict in all three cause
numbers.  On August 3, 2001, appellant
entered a plea of guilty to all three indictments and was sentenced to thirty
years imprisonment in each case. 

A pretrial judgment of
competency to stand trial in a criminal case is not a final judgment and is not
reviewable by appeal until after a full trial on the
merits of the charged offense. 
Jackson v. State, 548 S.W.2d 685, 689-90 (Tex. Crim.
App. 1977);  Lowe v. State, 999
S.W.2d 537, 537 (Tex. App.BHouston [14th Dist.]
1999, no pet.).  Appellant filed a notice
of appeal prior to his trial on the merits in the three cases.  While generally a notice of appeal that is
prematurely filed is to be deemed effective after sentence is imposed or
suspended in open court, a notice of appeal which is filed before the trial
court makes a finding of guilt can not be considered effective.  Tex.
R. App. P. 27.1(b)(emphasis added). 
As appellant=s notice of appeal was
filed two days before the trial court entered a finding of guilt pursuant to
appellant=s guilty pleas, we
find that appellant=s attempted notice of
appeal confers no jurisdiction on this Court. 
Because appellant did not file a timely, written notice of appeal after
a judgment of guilt was entered, we have no jurisdiction over his appeals.[1]   Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, we dismiss for want of
jurisdiction.                   








ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 16th day of May, 2002.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1]
Review of the record also revealed that no objection was made
to the admittance of the evidence which was the sole issue of the appeals filed
in these cases.  Appellant only made a
pretrial motion in limine, asking the court to
prohibit the introduction of the evidence.  
Furthermore, at the time of the actual admittance of the evidence,
appellant positively averred that he had Ano
objection.@  Thus, even if we had jurisdiction to consider
these appeals, the sole issue raised
was not preserved for our review.  Bashman v. State, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980).