Ernest ORTEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00487–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 2002.

Robert R. Luke, Deguerin & Dickson, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty., William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for State.

Panel consists of Justices HEDGES, JENNINGS, and KEYES.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Ernest Ortega, was charged by indictment with the offense of murder. The trial court granted motions for psychiatric examinations to determine appellant's sanity and his competency. At the conclusion of a contested competency hearing, a jury found appellant competent to stand trial. Appellant's counsel filed notice of appeal from the competency order. The murder charge remains pending in the district court. We hold that we have no jurisdiction over the appeal.

When the issue of a criminal defendant's competency to stand trial is raised in advance of the trial on the merits, and the trial court determines there is evidence to support a finding of incompetency, a jury is impaneled to make this determination. TEX.CODE CRIM. P. ANN. art. 46.02 (Vernon 1979 & Pamph.2002). This preliminary hearing is ancillary to prosecution of the criminal charge, which remains pending until the competency issue is resolved. The trial court's order of competency to stand trial is not a final, appealable judgment. *Lowe v. State*, 999 S.W.2d 537, 537 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

More than 70 years ago, the Court of Criminal Appeals held that it had no jurisdiction over an attempted direct appeal from a jury finding that the appellant was "competent to make a rational defense" because such was not authorized by the Texas Constitution or statute. *Griffin v. State*, 29 S.W.2d 349, 350 (Tex.Crim.App. 1930). In *Jackson v. State*, 548 S.W.2d 685, 688–90 (Tex.Crim.App.1977), the court again held that no appeal lies from a judgment of competency to stand trial rendered in a preliminary proceeding. However, the court found the issue, like pretrial suppression rulings, to be reviewable in an appeal from a full trial on the merits. *Id.* at 690.

Like a finding of competency, a finding that a criminal defendant is incompetent to stand trial is also not directly appealable. *See Morales v. State*, 830 S.W.2d 139, 140 (Tex.Crim.App.1992); *Hardin v. State*, 157 Tex.Crim. 283, 248 S.W.2d 487, 487 (1952); *Lowe*, 999 S.W.2d at 537–38.

The Texas Legislature has chosen not to authorize an interlocutory direct appeal from a jury's determination that a criminal defendant is competent to stand trial. According to Article 46.02 of the Code of Criminal Procedure,

> [I]f the defendant is found competent to stand trial, the court shall dismiss the jury that decided the issue and may continue the trial on the merits before the court or with the jury selected for that purpose.

TEX.CODE CRIM. P. ANN. art. 46.02, § 4(f) (Vernon 1979).

In the present case, appellant has not been finally convicted and sentenced, and there is no statutory authorization for this appeal. We therefore dismiss the appeal for lack of jurisdiction.