

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00208-CR

**HARMON LUTHER TAYLOR,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the County Court at Law
Walker County, Texas
Trial Court No. 07-1392

# OPINION

Harmon Luther Taylor was convicted in municipal court of operating a motor vehicle without a driver's license. Taylor appealed to the county court at law where his case remains pending. After a hearing, that court orally denied "Taylor's Special Appearance, Motion to Strike or Rename 17 October Setting, First Motion to Dismiss, and First Motion to Quash." Seven months later, Taylor filed a "First Verified Notice of Appeal under the Collateral Order Doctrine." We will dismiss this interlocutory appeal for want of jurisdiction.

## Background

Taylor raised several complaints in his "Special Appearance, Motion to Strike or Rename 17 October Setting, First Motion to Dismiss, and First Motion to Quash" (hereinafter, "Taylor's Motion"). Procedurally, he contended: (1) the county court at law lacked subject matter jurisdiction, personal jurisdiction, or venue; (2) the October 17 setting for an arraignment should be "struck or renamed" because an arraignment is unnecessary in an appeal by trial de novo under article 45.042(b) of the Code of Criminal Procedure; (3) the traffic ticket he received does not satisfy the requirements for a complaint under article 45.019; (4) he did not receive timely or adequate notice of the complaint under article 45.018(b); and (5) asserting peculiar definitions for the "place" called "this state," he argued that the "choice of law" for his case is "the Law of the Land" and thus the State's "theory of its case arises under maritime law."

Substantively, Taylor's Motion asserted that no driver's license is required to operate a vehicle if the driver is engaged in non-commercial activity.

Taylor's Motion contains the following "Summary of the non-compliance":

> The "complaint" fails to satisfy Art. 45.019. The authority of the State of Texas is usurped by a federal corporation called STATE OF TEXAS, under which latter name there is no authority to initiate any complaint. And, there is no offense defined, much less committed. The mixing and matching of Law of the Land and "law" of "this state" so permeates the "complaint" as to render it completely confused and unintelligible.

The court orally denied Taylor's Motion following a hearing conducted on November 28, 2007. Taylor filed his notice of appeal on June 3, 2008.

The Clerk of this Court notified Taylor by letter dated July 3 that his appeal to this Court appeared subject to dismissal for want of jurisdiction. This notice warned Taylor that the appeal may be dismissed if he did not (1) specify the order or orders he is challenging and (2) state the legal basis for this Court to exercise jurisdiction over the appeal. In response, he explains that he is appealing the denial of Taylor's Motion and asserts that this Court has jurisdiction under the collateral order doctrine which is recognized in federal appellate courts and which Taylor characterizes as "a procedural right applicable to the states via the 14th Amendment."

## Collateral Order Doctrine

The collateral order doctrine is a federal doctrine which permits appellate review of a certain interlocutory rulings "which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1498, 103 L. Ed. 2d 879 (1989) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225-26, 93 L. Ed. 2d 1528 (1949)). To fit within this narrow exception, "an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Id.* at 799, 109 S. Ct. at 1498 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458, 57 L. Ed. 2d 351 (1978)).

The Supreme Court has specified three types of orders in criminal cases to which the collateral order doctrine applies.

> We have interpreted the collateral order exception "with the utmost strictness" in criminal cases. Although we have had numerous opportunities in the 40 years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause. These decisions, along with the far more numerous ones in which we have refused to permit interlocutory appeals, manifest the general rule that the third prong of the *Coopers & Lybrand* test is satisfied only where the order at issue involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial."

*Id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 265, 104 S. Ct. 1051, 1055, 79 L. Ed. 2d 288 (1984); *United States v. MacDonald*, 435 U.S. 850, 860, 98 S. Ct. 1547, 1552, 56 L. Ed. 2d 18 (1978)) (other citations omitted).

## Due Process

Taylor argues that the collateral order doctrine is a procedural right applicable to the states through the Due Process Clause of the Fourteenth Amendment. However, the only federal rights which have been made "applicable to the states" through the Due Process Clause in this fashion are the majority of those rights set out in the first eight amendments to the United States Constitution. *See* Sam A. Mullin, Comment, *The Place for Prayer in Public Policy: A Reevaluation of the Principles Underlying the Decision in Santa Fe Independent School District v. Doe*, 44 S. TEX. L. REV. 555, 569 n.59 (2003); *see also id.* at 568 n.54 ("The only provisions of the first eight amendments that have not been incorporated are the Second and Third Amendments, the Fifth Amendment's Grand

Jury Indictment Clause, and the Seventh Amendment.") (quoting Note, *Rethinking the Incorporation of the Establishment Clause: A Federalist View*, 105 HARV. L. REV. 1700, 1700 n.3 (1992)); *see also Albright v. Oliver*, 510 U.S. 266, 272-73, 114 S. Ct. 807, 812-13, 127 L. Ed. 2d 114 (1994) (discussing cases which have held various "procedural protections contained in the Bill of Rights" applicable to the states).[1]

To the extent Taylor's due process claim is based on principles of procedural due process, we observe that procedural due process in a criminal trial at a minimum requires notice and a meaningful opportunity to defend. *See Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781, 2786, 61 L. Ed. 2d 560 (1979) ("a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend"); *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (same). And in a first appeal of right (as provided in Texas), the procedures employed "must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S. Ct. 830, 834, 83 L. Ed. 2d 821 (1985).

The trial court conducted a hearing on Taylor's Motion, and he does not contend at this juncture that he was denied a meaningful opportunity to present the allegations contained therein for that court's consideration. It also appears that the allegations of Taylor's Motion can be fully addressed in an appeal following a conviction, if any, in

---

[1] Although these rights apply to the states, the Sixth Amendment right to a jury trial does not apply to "petty" offenses, defined as those with a maximum authorized prison or jail term of six months. *Lewis v. United States*, 518 U.S. 322, 325-26, 116 S. Ct. 2163, 2166-67, 135 L. Ed. 2d 590 (1996). And the Sixth Amendment right to counsel applies to only a criminal prosecution "that actually leads to imprisonment." *Alabama v. Shelton*, 535 U.S. 654, 657, 122 S. Ct. 1764, 1767, 152 L. Ed. 2d 888 (2002) (quoting *Argersinger v. Hamlin*, 407 U.S. 25, 33, 92 S. Ct. 2006, 2010, 32 L. Ed. 2d 530 (1972)).

the county court at law.[2]  *See, e.g., State v. Neesley*, 239 S.W.3d 780 (Tex. Crim. App. 2007) (addressing issue of statutory construction); *Bible v. State*, 162 S.W.3d 234 (Tex. Crim. App. 2005) (determining whether Louisiana law governs admissibility of defendant's confession); *Hardeman v. State*, 1 S.W.3d 689 (Tex. Crim. App. 1999) (addressing propriety of arraignment procedures); *Witt v. State*, 237 S.W.3d 394 (Tex. App.—Waco 2007, pet. ref'd) (determining whether venue proved); *Schinzing v. State*, 234 S.W.3d 208 (Tex. App.—Waco 2007, no pet.) (addressing jurisdiction of municipal court and county court); *Chafin v. State*, 95 S.W.3d 549 (Tex. App.—Austin 2002, no pet.) (criminal charge dismissed due to trial court's lack of subject matter jurisdiction or personal jurisdiction); *Burling v. State*, 83 S.W.3d 199 (Tex. App.—Fort Worth 2002, pet. ref'd) (addressing adequacy of notice).

For these reasons, we hold that due process does not require that Texas appellate courts employ the collateral order doctrine.  *See Permian Corp. v. Davis*, 610 S.W.2d 236, 237-38 (Tex. Civ. App.—El Paso 1980, writ ref'd) (declining to employ collateral order doctrine in civil appeal).

## Jurisdiction

Because there has been no judgment of conviction in the county court at law, this is by definition an interlocutory appeal.  "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by

---

[2]      Subject to the limitations on this Court's jurisdiction provided by article 4.03 of the Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 4.03 (Vernon 2005) (when defendant appeals from inferior court to county court, this Court's appellate jurisdiction is limited to cases in which the fine imposed by the county court exceeds $100 "unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based").

law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd). Taylor has not identified any statutory provision granting this Court jurisdiction over his interlocutory appeal, and we are not aware of any. Accordingly, we dismiss this appeal for want of jurisdiction.

 

                       FELIPE REYNA
                       Justice

Before Chief Justice Gray,
       Justice Vance, and
       Justice Reyna
       (Chief Justice Gray concurring with note)*
Appeal dismissed
Opinion delivered and filed September 3, 2008
Publish
[CR25]

*      ("Chief Justice Gray concurs in the result. A separate opinion will not issue. He notes, however, that the Tenth Court of Appeals is a court of limited jurisdiction, particularly when it comes to the review of matters arising from criminal proceedings. In this regard, the final paragraph is the only paragraph necessary for the disposition of this proceeding, rendering the balance of the opinion dicta.")