**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00207-CR & 11-12-00208-CR

_____

## JOHN SPENCER BARBER, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**

**Williamson County, Texas**

**Trial Court Cause Nos. 11-05640-1 & 11-05627-1**

### M E M O R A N D U M   O P I N I O N

John Spencer Barber, Jr., has filed a pro se notice of appeal in each case from an order of the trial court denying Barber's motion to quash. Upon receiving and filing the clerk's records, the clerk of this court notified Barber by letter dated July 23, 2012, that it did not appear that this court had jurisdiction over these appeals. We notified Barber that the appeals were subject to dismissal and requested that he respond in writing and show grounds to continue these appeals. Barber has filed appropriate responses, but he has not shown grounds to continue these appeals.

The records show that Barber filed his notices of appeal on June 19, 2012. In each notice of appeal, Barber specifically stated that he was appealing "from the trial court's May 22, 2012, order denying the motion to quash the information." The orders denying Barber's motion to

quash were pretrial interlocutory orders and were, thus, not final and appealable at the time the notices of appeal were filed. Courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). No such authorization has been made for an interlocutory appeal of an order denying a motion to quash. *See Taylor v. State*, 268 S.W.3d 752, 753, 755–56 (Tex. App.—Waco 2008, pet. ref'd); *Ahmad v. State*, 158 S.W.3d 525 (Tex. App.—Fort Worth 2004, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329 (Tex. App.—Dallas 2001, no pet.).

We note that the records show that these cases were called for trial on June 29, 2012, and that the trial court found Barber guilty in each case, signed the judgments, and sentenced him on that same day: June 29, 2012. The notices of appeal, however, were filed on June 19—ten days prior to a finding of guilt by the trial court. Thus, the appeals were interlocutory. Even though the orders from which Barber appeals became final upon his conviction and sentencing, we still have no jurisdiction to consider these appeals. In a criminal case, a prematurely filed notice of appeal "is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict." TEX. R. APP. P. 27.1(b). Consequently, we have no jurisdiction over these appeals. *See Caldera v. State*, No. 13-01-528-CR, 2002 WL 992770 (Tex. App.—Corpus Christi May 16, 2002, no pet.) (not designated for publication).

The appeals are dismissed for want of jurisdiction.


PER CURIAM


August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.