Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-12-00207-CR & 11-12-00208-CR

                                                    __________

 

                          JOHN
SPENCER BARBER, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 1

 

                                                        Williamson
County, Texas

 

                                     Trial Court Cause Nos.
11-05640-1 & 11-05627-1

 



 

                                            M
E M O R A N D U M   O P I N I O N

John
Spencer Barber, Jr., has filed a pro se notice of appeal in each case from an
order of the trial court denying Barber’s motion to quash.  Upon receiving and
filing the clerk’s records, the clerk of this court notified Barber by letter
dated July 23, 2012, that it did not appear that this court had jurisdiction
over these appeals.  We notified Barber that the appeals were subject to
dismissal and requested that he respond in writing and show grounds to continue
these appeals.  Barber has filed appropriate responses, but he has not shown
grounds to continue these appeals.  

The
records show that Barber filed his notices of appeal on June 19, 2012.  In each
notice of appeal, Barber specifically stated that he was appealing “from the
trial court’s May 22, 2012, order denying the motion to quash the
information.”  The orders denying Barber’s motion to quash were pretrial interlocutory
orders and were, thus, not final and appealable at the time the notices of
appeal were filed.  Courts of appeals do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted by
law.  Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  No
such authorization has been made for an interlocutory appeal of an order
denying a motion to quash.  See Taylor v. State, 268 S.W.3d 752, 753,
755–56 (Tex. App.—Waco 2008, pet. ref’d); Ahmad v. State, 158 S.W.3d 525
(Tex. App.—Fort Worth 2004, pet. ref’d); Saliba v. State, 45 S.W.3d 329
(Tex. App.—Dallas 2001, no pet.).   

We
note that the records show that these cases were called for trial on June 29,
2012, and that the trial court found Barber guilty in each case, signed the
judgments, and sentenced him on that same day: June 29, 2012.  The notices of
appeal, however, were filed on June 19—ten days prior to a finding of guilt by
the trial court.  Thus, the appeals were interlocutory.  Even though the orders
from which Barber appeals became final upon his conviction and sentencing, we
still have no jurisdiction to consider these appeals.  In a criminal case, a
prematurely filed notice of appeal “is not effective if filed before the trial
court makes a finding of guilt or receives a jury verdict.”  Tex. R. App. P. 27.1(b).  Consequently,
we have no jurisdiction over these appeals.  See Caldera v. State, No.
13-01-528-CR, 2002 WL 992770 (Tex. App.—Corpus Christi May 16, 2002, no pet.)
(not designated for publication).

The
appeals are dismissed for want of jurisdiction.

 

 

                                                                                                            PER
CURIAM

 

August 31, 2012

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.