

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00170-CR

Alice Vega **FIALA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. NM 308410
Honorable Andrew Carruthers, Judge Presiding

PER CURIAM

Sitting:  Marialyn Barnard, Justice
     Rebeca C. Martinez, Justice
     Patricia O. Alvarez, Justice

Delivered and Filed: July 26, 2017

DISMISSED FOR WANT OF JURISDICTION

Appellant filed a notice of appeal on March 24, 2017. In her notice of appeal, appellant states she is appealing "the denial of her CONSTITUTIONAL RIGHTS" and references a jury trial that was held on March 22 through March 23 of 2017. A review of the clerk's record shows appellant was charged by complaint with theft under $2,500 enhanced. The record also shows the trial court granted a motion for a psychiatric examination to determine appellant's competency. The clerk's record includes a judgment of competency dated March 23, 2017. The judgment

indicates a jury found appellant competent to stand trial. The clerk's record does not include any other judgment or order, and it appears the theft charge remains pending.[1]

In general, we have jurisdiction to consider an appeal in a criminal case only when there has been a final judgment of conviction. *See Taylor v. State*, 268 S.W.3d 752, 755–56 (Tex. App.—Waco 2008, pet. ref'd); *Ahmad v. State*, 158 S.W.3d 525, 527 (Tex. App.—Fort Worth 2004, pet. ref'd). Appellate courts do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Taylor*, 268 S.W.3d at 755–56. Article 46B.011 of the Texas Code of Criminal Procedure ("the Code") expressly provides that a defendant may *not* "make an interlocutory appeal relating to a determination or ruling under Article 46B.005." TEX. CODE CRIM. PROC. ANN. art. 46B.011 (West 2006). Article 46B.005 of the Code outlines when a trial court must hold a hearing to determine whether a defendant is incompetent to stand trial. *See id.* art. 46B.005. A hearing held to determine competency is ancillary to prosecution of the criminal case, and a trial court's order of competency is not a final, appealable judgment. *See Ortega v. State*, 82 S.W.3d 748, 749 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Queen v. State*, 212 S.W.3d 619, 622 (Tex. App.—Austin 2006, no pet.) (stating interlocutory appeal may not be had from orders entered under chapter 46B, subchapter D, i.e., articles 46B.071–.090, of the code of criminal procedure); *Hart v. State*, 173 S.W.3d 131, 143 (Tex. App.—Texarkana 2005, no pet.) (stating jury's determination of competency to stand trial is not final, appealable judgment).

Based on the foregoing, it appeared from the record before us that the judgment appellant is attempting to appeal relates to a determination of competency, which is a ruling under Article

---

[1] The clerk's record also includes a trial court certification in which the trial court indicates this matter "is a determination of competency to stand trial rendered by a jury and the defendant has no right to an interlocutory appeal – 46B.011 C.C.P."

46.005. It therefore appeared that we lacked jurisdiction over this appeal. As a result, we ordered appellant to file in this court, on or before June 5, 2017, a response showing cause why this appeal should not be dismissed for want of jurisdiction. In our order, we advised appellant that if no satisfactory response was filed within the time provided, the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(c). On June 2, 2017, appellant requested an extension of time to file her response, and we granted appellant's request, ordering appellant to file her response on or before July 7, 2017. Thereafter, appellant timely filed a response, arguing the Texas Code of Criminal Procedure as applied is unconstitutional and "deprives appellant of equal protection and due process of law." In her response, appellant explains why the trial court erred in rendering an order declaring her competent to stand trial. However, at no point does appellant show why the order declaring her competent to stand trial is a final and appealable order.

Because appellant has not been finally convicted and sentenced, we therefore dismiss the appeal for want of jurisdiction.

PER CURIAM

Do Not Publish