# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-17-00575-CR

---

**Jamie Fletcher, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-85-079142, HONORABLE KAREN SAGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A review of the record shows that on November 2, 2016, the trial court denied appellant's pro se motion for DNA testing filed in June 2016, *see* Tex. Code Crim. Proc. arts. 64.01-.05, and that appellant filed another motion for DNA testing and appointment of counsel in December 2016.[1] The State filed a response to the motion for appointment of counsel, stating that it did not oppose the request, and on August 10, 2017, the trial court appointed an attorney to represent appellant under chapter 64. *See id.*

Appellant's pro se notice of appeal was filed in the trial court clerk's office on August 15, 2017. In that document, appellant stated that he wished "to prosecute this appeal from the judgment entered in this action on the 9[th] day of April, 1986," referring to his conviction for

---

[1] Appellant has also filed several other filings, but it does not appear any orders have been entered as to those documents, nor has counsel indicated that the appeal concerns those documents.

attempted aggravated sexual assault. Following an inquiry by this Court into what was the subject matter of the appeal and whether we could exercise jurisdiction over this matter, appellant's appointed attorney has explained that this is an appeal from the refusal of DNA testing but that the trial court has not signed any orders as to the subsequent motion for DNA testing.

Because the trial court has not signed any appealable orders as to the most recent motion for DNA testing and the time for appealing from the November 2016 order ran well before appellant filed his notice of appeal, *see* Tex. R. App. P. 26.2, we dismiss the appeal for want of jurisdiction, *see* Tex. Code Crim. Proc. art. 64.05 (appeals under chapter 64 are "in the same manner as an appeal of any other criminal matter"); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (court of appeals lacks jurisdiction to review interlocutory orders unless expressly granted by law); *Taylor v. State*, 268 S.W.3d 752, 755 (Tex. App.—Waco 2008, pet. ref'd) (same). We deny appellant's motion to abate the appeal.

_____

David Puryear, Justice

Before Justices Puryear, Field, and Bourland

Dismissed for Want of Jurisdiction

Filed: October 26, 2017

Do Not Publish

2