**Opinion issued August 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00385-CR

———————————

**ROCKY JAMES ANNIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 83768-CR**

---

## MEMORANDUM OPINION

The Brazoria County Grand Jury issued a true bill of indictment charging appellant, Rocky James Annis, with the felony offense of failure to register as a

sex offender.[1]  Appellant has filed a pro se notice of appeal of the trial court's order of temporary commitment.

We dismiss the appeal.

In the underlying proceeding, the trial court ordered an examination of appellant to assess his competency to stand trial.[2]  The issue of appellant's competency was tried to a jury, which found that he was incompetent to stand trial.[3]  Based on the jury verdict, the trial court signed an order finding that appellant was incompetent to stand trial and ordered him committed to, and confined in, a mental health facility for a period not to exceed 120 days.[4]  Appellant then filed a pro se notice of appeal of the trial court's order.[5]

The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute.  *See* TEX. CODE CRIM. PROC. art. 44.02; *see Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).  A court of appeals does not have jurisdiction to review an interlocutory order in a criminal case unless jurisdiction

---

[1]     *See* TEX. CODE CRIM. PROC. art. 62.102(a), (b)(2).

[2]     *See id.* art. 46B.004, 46B.005(a).

[3]     *See id.* art. 46B.051(a), 46B.052.

[4]     *See id.* art. 46B.055, 46B.071(a)(2)(B), 46B.073(b)(2).

[5]     Appointed counsel represents appellant in the trial court. And after appellant filed his notice of appeal, the trial court appointed counsel to represent appellant in this Court. Appointed counsel has filed a motion to withdraw with an *Anders* brief asserting that an appellate court "does not have jurisdiction to review a decision of competency by the trial court." *See Anders v. California*, 386 U.S. 738 (1967).

2

has been expressly granted by statute. *See Ragston*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (explaining appeals "in a criminal case are permitted only when they are specifically authorized by statute"). In this case, appellant attempts to appeal the trial court's temporary commitment order signed after a jury verdict finding him incompetent to stand trial. However, a defendant is not "entitled to make an interlocutory appeal relating to a [competency] determination or ruling under Article 46B.005." TEX. CODE CRIM. PROC. ANN. art. 46B.011; *see Queen v. State,* 212 S.W.3d 619, 620 (Tex. App.—Austin 2006, no pet.) (dismissing appeal of temporary commitment order issued after initial finding of incompetence under article 46B.055); *Ortega v. State*, 82 S.W.3d 748, 749 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[A] finding that a criminal defendant is incompetent to stand trial is also not directly appealable.")

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.
Do not publish.   TEX. R. APP. P. 47.2(b).

3