# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00594-CR
### NO. 03-19-00595-CR

---

**Ex parte Bobbi Battishia White**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 76731 & 76735, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Bobbi Battishia White filed these appeals as to her ongoing criminal prosecutions. The clerk's records contain the trial court's certifications that "No order exists upon which an appeal may be predicated." *See* Tex. R. App. P. 25.2(a) (requiring trial court to enter certification of defendant's right of appeal each time it enters judgment of guilt or other appealable order), (d) (requiring that record include trial court's certification of defendant's right of appeal), *see also id*. R. 27.1(b) (providing that notice of appeal is ineffective when filed before trial court's finding of guilt or its receipt of jury verdict). Without a judgment of conviction or other appealable order, we lack jurisdiction to consider these appeals. *See Taylor v. State*, 268 S.W.3d 752, 755-56 (Tex. App.—Waco 2008, pet. ref'd); *see also Perez v. State*, Nos. 03-15-00412-CR, 03-15-00413-CR, 03-15-00414-CR, 2015 Tex. App. LEXIS 9157, at *2 (Tex. App.—Austin Aug. 28, 2015, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss these appeals for want of jurisdiction.[1]

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   September 6, 2019

Do Not Publish

---

[1] In the alternative, to the extent that White's notices of appeal could be construed as petitions for writs of mandamus asking this Court to compel the district court to rule on White's applications for writs of habeas corpus, White has failed to provide this Court with an adequate record demonstrating her entitlement to the extraordinary relief of mandamus. *See, e.g.*, *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 135-36 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  Accordingly, we would deny the petitions.