**Opinion issued October 14, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00340-CR

————————————

## MARCUS TYRONE GRANT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

## On Appeal from the 506th District Court
## Waller County, Texas
## Trial Court Case No. 20-12-17503

---

## MEMORANDUM OPINION

Appellant, Marcus Tyrone Grant, acting pro se, is attempting to appeal the trial court's order revoking his bond and the trial court's judgment finding him incompetent to stand trial and temporarily committing him to a mental health facility.

We dismiss the appeal for lack of jurisdiction.

**Background**

Although the indictment is not in the record, the record reflects that Grant has been charged with the offenses of terroristic threat against a peace officer and obstruction or retaliation. On March 2, 2021, the trial court signed an order granting the State's motion to revoke Grant's bond. That same day, on its own motion, the trial court ordered an examination of Grant to determine his competency to stand trial. *See* TEX. CODE CRIM. PROC. art. 46B.004, 46B.005(a) On June 9, 2021, the issue of Grant's competency was tried to the bench, and the trial court found that Grant was incompetent to stand trial. *See id.* art. 46B.051(b).

On June 16, 2021, Grant filed a notice of appeal, seeking to appeal the March 2 order revoking his bond. Although the trial court had not yet signed an order related to its incompetency finding, Grant also filed a separate notice of appeal, complaining that the trial court had denied him due process at the June 9 competency hearing and requesting that the trial court's oral finding of incompetency be "reversed." On June 23, 2021, the trial court signed a judgment finding Grant incompetent to stand trial and ordering him committed to a mental health facility "for a period not to exceed 120 days for further examination and treatment toward the specific objective of attaining competency to stand trial." *See id.* art. 46B.055, 46B.071(a)(2)(B), 46B.073(b)(2).

2

## Jurisdiction

The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute. *See* TEX. CODE CRIM. PROC. art. 44.02; *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). A court of appeals does not have jurisdiction to review an interlocutory order in a criminal case unless jurisdiction has been expressly granted by statute. *See Ragston v. State*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (recognizing that appeals in criminal cases are "permitted only when they are specifically authorized by statute").

Here, even though his notice of appeal was filed before the signing of the temporary commitment judgment, we construe Grant's notice of appeal regarding the trial court's incompetency finding as an effort to appeal the judgment. Despite Grant's effort, the trial court's judgment finding appellant incompetent and temporarily committing him to a mental health facility for competency restoration is not a judgment of conviction. Further, there is no statutory provision allowing an interlocutory appeal from such an order. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (dismissing appeal of temporary

commitment order issued after initial finding of incompetence under article 46B.055); *Ortega v. State*, 82 S.W.3d 748, 749 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[A] finding that a criminal defendant is incompetent to stand trial is . . . not directly appealable."); *see also Annis v. State*, No. 01-19-00385-CR, 2019 WL 3819553, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, no pet.) (mem. op., not designated for publication) (dismissing appeal of temporary commitment order).

Grant also attempts to appeal the trial court's order revoking his bond.[1] However, an order revoking a defendant's bond is not an order from which the Texas Legislature has authorized an appeal. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (holding that defendant may not appeal pretrial order revoking bond); *Daley v. State*, No. 07-10-00200-CR, 2010 WL 3895695, at *2 (Tex. App.—Amarillo Sept. 29, 2010, no pet.) (mem. op., not designated for publication) (dismissing appeal of order revoking bond for lack of jurisdiction); *see also Ragston*, 424 S.W.3d at 52 ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail.").

---

[1]     We note that Grant is not appealing from a denial of a pretrial application for writ of habeas corpus relating to his bond.

## Conclusion

Because the orders Grant seeks to appeal are not appealable orders, we dismiss this appeal for lack of jurisdiction.[2] *See* TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Kelly, Hightower, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] We also note that Grant has appointed trial counsel. A criminal defendant is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Thus, Grant's pro se appeal from the trial court's orders presents "nothing" for our review. *See Patrick*, 906 S.W.2d at 498; *see also In re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (mem. op., not designated for publication) (defendant not entitled to hybrid representation in trial court or in appellate court and pro se filing in appellate court presented "nothing for this Court to review"). Grant's appeal must be dismissed. *See Ex parte Nicholson*, No. 01-20-00751-CR, 2021 WL 497240, at *4 n.12 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication).