

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| LONNIE BRILEY, | ) | No. ED101689 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Kenneth W. Pratte |
| | ) | |
| Respondent. | ) | Filed: June 23, 2015 |

### *Introduction*

Lonnie Briley (Movant) appeals the judgment of the Circuit Court of St. Francois County denying without an evidentiary hearing his Rule 24.035 motion for post-conviction relief. Movant claims the motion court clearly erred in denying his claim that plea counsel provided ineffective assistance by misinforming and failing to explain to him the meaning of the terms "consecutive" and "concurrent." We affirm.

### *Factual and Procedural Background*

On October 3, 2012 Movant pleaded guilty in two cases. In the first case, the State charged Movant with tampering in the first degree and misdemeanor stealing. In the second case, the State charged Movant with burglary in the second degree.

At the plea hearing,[1] the trial court reviewed the essential elements and ranges of punishment of each of the charged offenses. Movant affirmed that he understood that the range of punishment for first-degree tampering and second-degree burglary was "up to seven years in the state Department of Corrections or a county jail term of up to one year or a fine of up to $5,000.00 or a combination of fine and confinement." The prosecutor announced that the parties had entered a plea bargain agreement, pursuant to which the State was recommending that the plea court sentence Movant to seven years' imprisonment for tampering and thirty days' jail time for stealing in the first case, with suspended execution of sentence and five years' supervised probation. As to the second case, the State recommended "also a sentence of seven years to the Department of Corrections to run consecutive to the sentence in the other case, and five years' supervised probation."

After the plea court found that Movant entered his pleas of guilty voluntarily and intelligently and accepted his pleas, the plea court announced Movant's sentence as follows:

> [The first case], Count I, it is the sentence, judgment, and order of the Court that the defendant be confined to the State Department of Corrections for a period of seven years for the class C felony of tampering in the first degree.
> Court orders that the execution of that sentence be suspended and places the defendant on five years['] supervised probation with the State Board of Probation and Parole.
> As to Count II, the Court sentences the defendant to thirty days in the county jail with credit for time served. It is my understanding he has enough time to meet that, so no additional time is to be served.
> In [the second case], it is the sentence, judgment, and order of the Court that he be confined to the State Department of Corrections for a period of seven years for the class C felony of burglary in the second degree.
> *This sentence is to run consecutive to the seven years imposed [the first case], for a total sentence of fourteen years* to the Department of Corrections.
> Again, the Court suspends execution of the sentence, places the defendant on a concurrent five year probation with the State Board of Probation and Parole.

---

[1] The plea court conducted a group guilty plea at which five additional defendants pleaded guilty to offenses unrelated to Movant's.

(emphasis added).  Prior to the conclusion of the hearing, the plea court advised:  "Mr. Briley, you have a couple of felony convictions here.  Seven and seven running consecutive for fourteen years.  If you violate probation, that's going to be the sentence that you serve.  Understood, sir?"  Movant assured the plea court that he understood.

On June 3, 2013, Movant appeared before the plea court on two new cases (third case and fourth case) and an alleged probation violation. The plea court first conducted a plea hearing for the third case, which charged Movant with committing two counts of second degree burglary (Counts I and II) on January 13, 2013.[2]   The plea court recited the essential elements of the charges and informed Movant that the range of punishment on second-degree burglary "is up to seven years in the State Department of Corrections or a county jail term of up to one year or a fine of up to $5,000.00 or a combination of fine and confinement."  The plea court asked Movant, "And do you understand it pertains individually to each of your charges, Mr. Briley," and Movant answered, "Yes."

The plea court then asked the prosecutor to announce the parties' plea bargain and explain "how it factors into his probation cases, also."  The prosecutor stated:  "On Count I and II, it would be seven years each, Missouri Department of Corrections to run consecutively, for a total of fourteen years.  That fourteen years is to run concurrent with his probation violation.  Further, we will be dismissing [the fourth case]."  This exchange followed:

> [COURT]:  Now, let me ask you this.  Does he already have a sentence imposed?  I think you said there [were] two probation cases.  Does he already have a sentence or –
> [PROSECUTOR]:  He already has a sentence, Your Honor.  Both SES, seven years on one and seven years on the other to run consecutive.
> [COURT]:  And those are already run consecutive for fourteen?
> [PROSECUTOR]:  Yes, Your Honor.

---

[2] This plea hearing was also a group plea.

3

> [COURT]: And this new fourteen is to run concurrent with that?
> [PROSECUTOR]: Yes, Your Honor. . . . And then Judge, further, the State will be dismissing [the fourth case].

Movant assured the plea court that he understood the plea agreement and did not have any questions.

After accepting Movant's guilty pleas, the plea court announced that it was sentencing Movant to consecutive terms of seven years' imprisonment for Counts I and II. The plea court explained: "The sentence under Count II is to run consecutively to the sentence imposed under Count I, *for a total sentence of fourteen years*. And then this fourteen years is to run concurrently with what I have been told are two probation violation cases, where you already have sentences imposed. And I believe those total fourteen years, also." (emphasis added).

The plea court proceeded to address Movant's probation violations. Movant admitted that he violated a condition of his probation "by commission of the new offenses that [he] just pled guilty to . . . two counts of burglary in the second degree," and the plea court revoked his probation. This exchange followed:

> [COURT]: Now, Mr. Briley, since these two sentences preceded your new ones, in other words, you were already subject to those sentences in accordance with your plea bargain, I ordered the new sentences totaling fourteen years to run concurrent with these. Do you understand?
> [MOVANT]: Yes.
> [COURT]: So I have met your plea bargain agreement. Do you understand that, sir?
> [MOVANT]: Yes.

In accordance with the plea agreement, the plea court executed Movant's fourteen-year sentence for the 2012 burglary and tampering convictions. The plea court then examined Movant to affirm his understanding of the proceedings:

> [COURT]: And you are the same Lonnie Leon Briley who on your probation violation cases, who appeared before me on October 3, 2012, pled guilty to tampering in the first degree in one case and burglary in the second degree in

4

the other case. I sentenced you to seven years to the Department of Corrections on each of the cases and ordered them to run consecutive to each other, suspended those sentences, and placed you on probation. Today I found that you have violated your probation, revoked it, and I have ordered those sentences executed. Are you with me so far, sir?

[MOVANT]: Yes.

[COURT]: And then, of course, you also appeared before me today in your new case, [third case], and pled guilty to two class C felonies of burglary in the second degree, and those – on those, in accordance with your plea bargain, you received seven years on each count to run consecutive to each other, *for a total of fourteen*, but that is to run concurrent with this fourteen years you were already obligated to serve. Do you understand your sentences, sir?

[MOVANT]: Yes.

[COURT]: And how they run?

[MOVANT]: Yes.

(emphasis added).

Movant filed a pro se Rule 24.035 motion for post-conviction relief, which counsel amended. In his amended motion, Movant alleged that "plea counsel were ineffective for misinforming, and failing to explain and ensure that Movant understood, what the terms 'consecutive' and 'concurrent' meant when explaining the plea agreements in this case." The motion court denied Movant's Rule 24.035 motion without an evidentiary hearing because it found the record conclusively refuted his claim that he did not understand "that consecutive sentences of seven years meant he would serve fourteen years . . . ." Movant appeals.

### *Standard of Review*

Our review of the motion court's denial of post-conviction relief pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). As the motion court's findings and conclusions are presumed to be correct, they will be deemed clearly erroneous only if, upon a review of the record, we are left with the firm impression that a mistake has been made. Roberts v. State, 276 S.W.3d 833, 835

5

(Mo. banc 2009). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. Id.

*Discussion*

In his sole point on appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the record does not refute his allegations that plea counsel were ineffective for misinforming and failing to explain to Movant the meanings of the terms "consecutive" and "concurrent." Movant further asserts that, but for plea counsels' ineffectiveness, he would not have pleaded guilty. The State counters that the motion court did not clearly err in denying Movant's Rule 24.035 motion without an evidentiary hearing because Movant's allegations were refuted by the record.

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. Roberts, 276 S.W.3d at 835. "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Mo. Sup. Court Rule 24.035(h). "When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011).

When a movant enters a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affected the voluntariness of the plea. Burnett v. State, 311 S.W.3d 810, 817 (Mo.App.E.D. 2009). "Mistaken beliefs about sentencing affect a defendant's ability to

6

knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." Dorsey v. State, 115 S.W.3d 842, 845 (Mo. banc 2003). When a movant claims that he pleaded guilty due to a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief. Evans v. State, 315 S.W.3d 404, 405 (Mo.App.E.D. 2010). Importantly, a movant's guilty plea is voluntary "even though his attorney gave him erroneous advice if the court's questioning of the defendant at the plea proceeding *thoroughly disabused him of any preconceived notions regarding the consequences of a guilty plea.*" Allen v. State, 233 S.W.3d 779, 783 (Mo.App.E.D. 2007) (internal quotation omitted) (emphasis in original).

In this case, the record reveals that the plea court "thoroughly disabused [Movant] of any preconceived notions" about the consequences of his guilty pleas and the total length of his sentence. At the plea hearings in October 2012 and June 2013, the plea court repeatedly informed Movant that his total sentence would equal fourteen years. At the October 2012 plea hearing, the plea court stated that Movant's seven-year sentence on the second case "is to run consecutive to the seven years imposed in [the first case], for a total sentence of fourteen years to the Department of Corrections." The plea court further clarified the consequences of Movant's guilty pleas, stating: "[Y]ou have a couple of felony convictions here. Seven and seven running consecutively for fourteen years. If you violate probation that's going to be the sentence you serve." When the plea court inquired whether Movant understood the sentence, Movant assured the plea court that he did.

At the June 2013 plea hearing on the two second-degree burglary charges, the prosecutor explained that the State was recommending seven years' imprisonment for each charge "to run consecutively, for a total of fourteen years." The prosecutor further stated that the fourteen-year

7

sentence for the 2013 burglaries would run "concurrent" with the fourteen-year sentence the plea court would execute for the 2012 offenses. Movant affirmed the prosecutor's recitation of the plea bargain agreement, denied having any questions, and stated that he still wished to enter a guilty plea. When the plea court announced Movant's sentence on the 2013 burglaries, it stated three times that Movant's sentence would total fourteen years: "The sentence under Count II is to run consecutively to the sentence imposed under Count I, for a total sentence of fourteen years. And then this fourteen years is to run concurrently with what I have been told are two probation violation cases, where you already have sentences imposed. And I believe those total fourteen years, also."

During the probation revocation portion of the June 2013 hearing, the plea court again explained the court's sentencing decision and offered Movant the opportunity to ask questions. When it revoked Movant's probation on the 2012 burglary and tampering convictions and executed the previously imposed sentence, it reiterated that Movant would serve seven years on each of the 2013 burglary counts "for a total of fourteen years, but that is to run concurrent with this fourteen years you were already obligated to serve." Prior to concluding the hearing, the plea court asked Movant whether he understood the sentences and "how they run," and Movant assured the court that he understood.

Based on our review, we conclude that the record refutes Movant's claims that "he did not know the seven-year sentences would run one after the other" and "he did not understand the difference between a concurrent and a consecutive sentence until after all of his sentences were executed on June 3, 2013." We further hold that any mistaken belief Movant had regarding the manner in which the plea court ran his sentences was unreasonable. At the October 2012 hearing on the burglary and tampering charges, the plea court twice advised Movant that his two seven-

8

year sentences would run consecutively for a total of fourteen years. Movant neither questioned the meaning of "consecutive sentences" nor the stated total of fourteen years. At the June 2013 plea hearing relating to the 2013 burglaries, Movant affirmed his understanding that, pursuant to the plea bargain agreement, the State was recommending consecutive seven-year terms for each count "for a total of fourteen years." The plea court stated at least five additional times that the two seven-year sentences for the 2012 burglary and tampering convictions would run consecutively with each other and concurrently with the two consecutive seven-year sentences for the two 2013 burglary charges, for a total sentence of fourteen years' imprisonment.[3]

"Where there is no reasonable basis for the movant's belief in light of the guilty plea record, the movant is not entitled to relief." Kennell v. State, 209 S.W.3d 504, 508 (Mo.App.E.D. 2006). The motion court properly denied Movant an evidentiary hearing on his allegations that he did not understand the plea agreements because the record conclusively establishes that his pleas were knowingly and voluntarily entered. Point denied.

### *Conclusion*

The judgment of the motion court is affirmed.

---

[3] Movant claims that his alleged confusion regarding the total length of his sentence was reasonable because the 2012 and 2013 plea proceedings "were conducted where he was part of a group of unrelated criminal defendants." He correctly asserts that "the use of group pleas is a problematic practice" disfavored by our courts. Wright v. State, 411 S.W.3d 381, 387 (Mo.App.E.D. 2013). However, the Supreme Court has rejected the argument that group pleas should be "deemed automatically invalid or declared impermissible." Roberts v. State, 276 S.W.3d 833, 837 n.5 (Mo. banc 2009). Although the instant case involved group plea proceedings, there exists an adequate record to conclusively refute Movant's claim that he did not understand the plea agreements.

9

_____

Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.