

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| BRYAN K. REID, | ) | No. ED112621 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| v. | ) | Cause No. 23CG-CC00159 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | Filed: June 3, 2025 |

### Introduction

Appellant Bryan Reid appeals the motion court's judgment denying his amended Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. In four points on appeal, Appellant argues that plea counsel was ineffective for failing to investigate a jurisdictional issue and an evidentiary issue, and for misadvising Appellant of the collateral and direct consequences of his guilty plea. We grant Point III and remand for an evidentiary hearing regarding this point. We affirm the judgment as to Points I, II, and IV.

### Factual and Procedural Background

Appellant was charged with first-degree statutory rape, two counts of first-degree statutory sodomy, and second-degree child molestation as a result of conduct that occurred on

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022).

December 24, 2019. On October 28, 2022, the State filed an amended information dismissing the four charges and charging Appellant with third-degree child molestation, to which he pled guilty that day. The amended information was the result of a plea agreement that Appellant would plead guilty to one count of child molestation, and as a result the State would dismiss the other three counts, recommend that Appellant successfully complete the Sexual Offender Assessment Program (SOAP), and recommend a prison sentence of ten years, but would request the court to suspend execution of the sentence and place Appellant on five years of probation.

As a part of the guilty plea, Appellant admitted to knowingly having sexual contact with a minor less than twelve years of age by touching her breast through her clothes. Appellant also admitted that this action took place in Missouri near his apartment. The circuit court questioned Appellant about his understanding of the guilty plea, including whether Appellant was satisfied with plea counsel's representation and plea counsel's efforts to investigate the facts of his case. Appellant answered these questions affirmatively, indicating that he understood he was forgoing his right to jury trial and that he was satisfied with plea counsel's representation.

On December 12, 2022, the circuit court sentenced Appellant to ten years imprisonment, and ordered Appellant to undergo a one-hundred-and-twenty-day assessment in the Sexual Offender Assessment Unit (SOAU). The circuit court stated that if Appellant successfully completed the SOAP, the circuit court would release Appellant on five years of probation.

At the hearing on April 6, 2023, the circuit court determined that Appellant should not be released on probation, noting that the SOAU report indicated that Appellant had serious issues with impulsiveness, sex drive, sexual preoccupation, and deviant sexual preferences, and that Appellant had not taken full responsibility for his actions.

Following the hearing, Appellant timely filed a *pro se* motion for postconviction relief and counsel was appointed to represent him. On October 12, 2023, Appellant timely filed an amended motion for postconviction relief. On March 19, 2024, the motion court issued its findings of fact and conclusions of law denying Appellant's motion without an evidentiary hearing. This appeal follows.

**Standard of Review**

We review the denial of a Rule 24.035 motion for postconviction relief to determine whether the circuit court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Shepard v. State*, 658 S.W.3d 70, 75 (Mo. App. E.D. 2022), *transfer denied* (Jan. 31, 2023) (citing *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021)). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Shepard*, 658 S.W.3d at 75 (internal quotation omitted).

To show he was entitled to an evidentiary hearing on his Rule 24.035 motion, a movant must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009) (citing *Wilkes v. State,* 82 S.W.3d 925, 928 (Mo. banc 2002)). "An evidentiary hearing may only be denied when the record conclusively shows that the movant is not entitled to relief." *Jackson v. State*, 660 S.W.3d 679, 682 (Mo. App. E.D. 2023).

"When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State,* 334 S.W.3d 126, 128 (Mo. banc

2011). Prejudice exists where the movant shows that, but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial. *Jackson*, 660 S.W.3d at 682. "Following a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." *Morales v. State*, 104 S.W.3d 432, 434 (Mo. App. E.D. 2003). "Trial counsel is presumed effective, and a movant bears the burden of proving otherwise." *Wharton v. State*, 431 S.W.3d 1, 5 (Mo. App. E.D. 2014) (citing *Forrest v. State,* 290 S.W.3d 704, 708 (Mo. banc 2009)).

## Discussion

Appellant raises four points on appeal. In Points I and II, Appellant contends that plea counsel was ineffective for failing to investigate jurisdictional and evidentiary issues, respectively. In Point III, Appellant argues that plea counsel was ineffective because plea counsel misadvised Appellant about the collateral consequence of registering as a sex offender. In Point IV, Appellant alleges that plea counsel was ineffective for failing to make Appellant aware that the circuit court was not required to release him on probation after completion of the Sexual Offender Assessment Program.

### Point I: Failure to Investigate Jurisdictional Concerns

In Point I, Appellant argues that the motion court erred in denying his amended motion without an evidentiary hearing because Appellant established that plea counsel was ineffective for failing to investigate jurisdictional concerns in the case. Specifically, Appellant contends that plea counsel discovered that the alleged sexual misconduct could have occurred in Illinois rather than Missouri, and plea counsel should have investigated further after learning that information. Appellant insists that had plea counsel adequately investigated the jurisdictional issues Appellant would have gone to trial instead of entering his guilty plea.

4

"After a negotiated guilty plea, a claim of ineffective assistance of counsel is irrelevant except to the extent it affects the voluntariness and understanding with which the guilty plea was made." *Shepard*, 658 S.W.3d at 76 (citing *Roberts*, 276 S.W.3d at 836). "To be voluntary, a plea must be free from fraud or mistake, misapprehension, fear, coercion, or the holding out of hopes which prove to be false or ill founded." *Id*. (citing *Johnson v. State*, 580 S.W.3d 895, 901 (Mo. banc 2019)). "To be knowingly made, a plea must be entered with sufficient awareness of the relevant circumstances and likely consequences." *Id*. (citing *Brady v. United States*, 397 U.S. 742, 748, 90 (1970)). "Prejudice exists if the movant can show that, but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial." *Whitehead v. State*, 481 S.W.3d 116, 123 (Mo. App. E.D. 2016).

Appellant's first point on appeal does not attack the voluntariness or a misunderstanding with which his guilty plea was made, but rather claims that plea counsel was ineffective for failing to investigate. As such, Appellant's argument was waived by his guilty plea. *See Shepard*, 658 S.W.3d at 76 ("by pleading guilty, [Appellant] gave up his right to assert defenses or go to trial. As a result, [Appellant]'s claims regarding his attorney's failure to investigate or assert a defense under [the statute], standing alone, were waived."). Regardless, the record shows that plea counsel *did* investigate the jurisdictional concerns Appellant complains of and, more importantly, that Appellant admitted multiple times that the alleged conduct occurred in Missouri. We find that the motion court's findings as to Point I were not clearly erroneous, and Appellant is not entitled to an evidentiary hearing on this point. Point I is denied.

**Point II: Failure to Investigate DNA Evidence**

In Point II, Appellant argues that the motion court erred in denying his amended motion without an evidentiary hearing because Appellant established that plea counsel was ineffective

5

for failing to investigate DNA evidence that "could have exonerated" him. Appellant asserts that plea counsel found evidence that Appellant had been eliminated as a potential source for the DNA sample found on Victim's clothes and failed to further investigate the evidence. Appellant argues that he would have proceeded to trial rather than pleading guilty if plea counsel had undertaken additional investigation into the DNA evidence.

When we apply the caselaw discussed above in Point I regarding plea counsel's failure to investigate, we find that Appellant waived this point. Furthermore, Missouri courts have made clear that when a defendant pleads guilty and is questioned about plea counsel's performance, expressing satisfaction with plea counsel's performance waives entitlement to an evidentiary hearing on a 24.035 inquiry. *Bogard v. State*, 356 S.W.3d 850, 854 (Mo. App. E.D. 2012) ("When a movant pleads guilty and affirmatively states that he is satisfied with his attorney's performance, he is not entitled to an evidentiary hearing regarding his claim that the attorney failed to investigate as requested, because such a claim is refuted by the record."); *see also Jackson*, 660 S.W.3d at 683 ("as a consequence of the thoroughness of the plea court's questioning, [Movant]'s Rule 24.035 motion appropriately was denied without an evidentiary hearing."); *Morrison v. State*, 65 S.W.3d 561, 564 (Mo. App. W.D. 2002) ("[Movant] had ample opportunity to complain about his counsel. Instead of doing so, he stated unequivocally that he was satisfied with his counsel's performance, and that no one had coerced him into pleading guilty. His assertions to the contrary are conclusively refuted by the record.").

Here, Appellant affirmatively stated that he was satisfied with plea counsel's efforts to investigate the facts of the case on multiple occasions. At the hearing in which he entered his guilty plea, Appellant engaged in the following exchange with the circuit court:

THE COURT: Are you satisfied with the services of your attorney?
APPELLANT: Yes.
THE COURT: Has Mr. Williams investigated the facts of this case to your satisfaction?
APPELLANT: Yes.
THE COURT: Has he negotiated this plea to your satisfaction?
APPELLANT: Yes.
THE COURT: Is there anything you've asked him to do that he has not done?
APPELLANT: No.

Appellant gave the same affirmative answers to similar questioning at the sentencing hearing. To that end, we find that Appellant was not entitled to an evidentiary hearing and the motion court did not clearly err in denying this claim. Point II is denied.

**Point III: Failure to Correctly Advise Appellant Regarding Sex-Offender Registration**

In Point III, Appellant argues that the motion court erred in denying his amended motion without an evidentiary hearing because Appellant established that plea counsel was ineffective for misadvising Appellant of the sex-offender registration consequences of pleading guilty to child molestation in the third degree. Specifically, Appellant claims that plea counsel advised him that he would only be on the sex-offender registry for ten years, not for his lifetime. Appellant asserts that if he had been correctly advised about this consequence he would have insisted on going to trial and would not have entered a guilty plea.

"Counsel's failure to inform the defendant of the collateral consequences of a guilty plea is not a sufficient basis for an ineffective assistance of counsel claim." *Burgess v. State*, 455 S.W.3d 21, 24 (Mo. App. E.D. 2014). However, "misinforming—in contrast to failing to inform—may affect the voluntariness of a defendant's plea." *Webb v. State*, 334 S.W.3d 126, 129 (Mo. banc 2011). Furthermore, distinguishing between direct and collateral consequences is irrelevant and "a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the misrepresentation in deciding to plead guilty. If

7

counsel affirmatively misrepresents a collateral consequence of pleading guilty, counsel's misrepresentation may result in an ineffective assistance of counsel." *Beal v. State*, 51 S.W.3d 109, 112 (Mo. App. W.D. 2001).

In order to show that he was entitled to an evidentiary hearing, Appellant must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. *Roberts*, 276 S.W.3d at 835. Prejudice is demonstrated when the movant shows that, but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial. *Jackson*, 660 S.W.3d at 682.

First, Appellant has alleged facts that, if true, warrant relief, in that he alleges that plea counsel misinformed him of the length of time he would be on the sex offender registry—he alleges that plea counsel told him he would only have to register for ten years. Section 589.400.4(3)[2] mandates a lifetime registration for the offense to which Appellant pled guilty. *See also* Section 589.414.7(2)(r). Second, there is nothing in the record pertaining to Appellant's conversations with plea counsel regarding the length of time he would be required to register as a sex offender. Furthermore, there was no discussion on the record about the length of registration at the plea or sentencing hearings or any mention of the length of registration in the judgment. As such, the record does not refute his claim. Third, Appellant has shown that he was prejudiced because his motion alleges that the difference in time between what plea counsel told him and what the law requires—ten years versus a lifetime registration requirement—was such that he would not have pleaded guilty.

---

[2] All statutory references are to RSMo (2022).

Thus, because Appellant has alleged facts, which are not refuted by the record, supporting his claim that plea counsel misinformed him about the length of time he would be on the sex offender registry, and he has shown that he was prejudiced, we find that Appellant was entitled to an evidentiary hearing. *Jackson*, 660 S.W.3d at 682 ("An evidentiary hearing may only be denied when the record conclusively shows that the movant is not entitled to relief."). Therefore, we remand for an evidentiary hearing to determine if Appellant received effective assistance of counsel. Point III is granted.

**Point IV: Failure to Advise Appellant that the Circuit Court was not Obligated to Release Him After Completion of the Sex Offender Assessment Program**

In Point IV, Appellant argues that the motion court erred in denying his amended motion without an evidentiary hearing because Appellant established that plea counsel was ineffective for failing to advise Appellant that the circuit court was not obligated to release him after he completed the Sex Offender Assessment Program. Appellant contends that if he had not been misadvised that the circuit court was not bound by the State's recommendations or the court's own statements he would have insisted on going to trial and would not have entered a guilty plea.

The range of punishment to which a defendant may be sentenced is a direct consequence of a guilty plea; however, parole eligibility is a collateral consequence. *Simmons v. State*, 432 S.W.3d 306, 308 (Mo. App. E.D. 2014). "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." *Briley v. State*, 464 S.W.3d 537, 542 (Mo. App. E.D. 2015) (quoting *Dorsey v. State,* 115 S.W.3d 842, 845 (Mo. banc 2003)). In contrast, "parole eligibility is considered to be a collateral consequence of a plea, about which counsel has no obligation to inform the defendant." *Simmons*, 432 S.W.3d at 308.

9

"When a movant claims that he pleaded guilty due to a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief." *Briley*, 464 S.W.3d at 542.

The following exchange occurred at the plea hearing:

> THE COURT: Mr. Reid, this is a Class C felony of child molestation in the third degree. Class C felony carries a range of punishment of three to ten years in the department of corrections. As I read the plea petition, the plea agreement would be for a ten-year suspended sentence?
> THE STATE: It should be a 120 with SOAU with a ten-year –
> THE COURT: A ten-year sentence with 120 days in the Sexual Offender Assessment Unit?
> THE STATE: That's correct, Your Honor.
> THE COURT: And assuming release from the Sexual Offender Assessment Unit, five years of probation. Now, if the SOAU process is unsuccessful, they won't order -- they will tell me not to authorize his release. So you understand that?
> THE STATE: Yes.
> THE COURT: It's not an automatic 120 and you're out.
> PLEA COUNSEL: And in fact, none of the 120's are automatic so the drug or shock. You have to abide by the program and the rules and probably be recalcitrant or accept responsibility is what he's trying to warn you, that if you screw up, they don't have to let you out.
> APPELLANT: Oh, but I go, but they don't have to –
> THE COURT: Correct. You have to successfully complete that program.
> APPELLANT: Okay. Okay. I gotcha.
> THE COURT: If you don't successfully complete the program, you don't get out. You end up serving the ten-year sentence.
> APPELLANT: Okay.

This discussion demonstrates that Appellant was both aware of the range of punishment and informed that the circuit court was not required to release Appellant after completion of the SOAP and would not do so unless he "successfully completed that program." The circuit court clarified that release would not be automatic, but rather would be dependent on the assessment and recommendation of the SOAU.[3]

---

[3] We note that the report from the SOAU listed multiple issues including impulsiveness, sex drive, sexual preoccupation, and deviant sexual preferences, and indicated that further assessment was needed. The report concluded that Appellant has "difficulty with self-regulation" and "his treatment needs may be met best in a more structured, institutional environment."

Because the record shows that Appellant was aware of the full range of punishment and the possibility that he would not be released on probation after the one-hundred-and-twenty-day assessment period, we find that his claim is refuted by the record and the motion court did not clearly err in denying his claim without an evidentiary hearing. Point IV is denied.

## Conclusion

For the foregoing reasons, we reverse the judgment as to Point III, and remand for an evidentiary hearing on that point. We affirm the judgment in all other respects.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

11